# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE CRAIG,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SCRIBNER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01579-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 17)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.　　Screening Requirement**

　　Plaintiff Dante Craig ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 13, 2005. Doc. 1. On January 19, 2007, the Court dismissed Plaintiff's complaint, with leave to amend. Doc. 7. In the order, the Court found that Plaintiff's complaint did not state any cognizable claim for relief. Id.

　　Plaintiff filed an amended complaint on February 15, 2007. Doc. 8. On May 19, 2008, Plaintiff filed a motion for summary judgment. Doc. 11. The Court issued a Findings and Recommendations recommending that Plaintiff's motion for summary judgment be denied on August 7, 2008. Doc. 13. The Court adopted the Findings and Recommendations denying Plaintiff's motion for summary judgment on September 15, 2008. Doc. 14. On November 25, 2008,

///

the Court again dismissed Plaintiff's amended complaint with leave to amend. Doc. 16. On December 15, 2008, Plaintiff filed his second amended complaint, which is now before the Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Plaintiff's Claims**

Plaintiff alleges a violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment in his second amended complaint, but alleges absolutely no facts to support his claims. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct, 1955, 1964-65 (2007) (internal citations omitted).  A complaint must contain "[sufficient] [f]actual allegations...to raise a right to relief above the speculative level...." Id. at 1965 (internal citations omitted).  Plaintiff's complaint fails to allege any facts that support his claims and demonstrate that he is entitled to relief under section 1983.  Accordingly, he fails to state any cognizable claims.

**III.    Conclusion and Recommendation**

The Court finds that Plaintiff's second amended complaint does not state any cognizable claim upon which relief may be granted under section 1983.  The Court has twice dismissed Plaintiff's complaint with leave to amend and has provided appropriate instructions on how to cure the deficiencies in its previous orders, but Plaintiff has failed to cure the deficiencies identified by the Court.   The Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 16, 2009**                   **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE